UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE AMAYA,

        Petitioner,                      Case No. 2:10-cr-20338-2

v.                                         Honorable Susan K. DeClercq
                                              United States District Judge

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 547)**

Enrique Amaya is currently serving three concurrent life sentences, the underlying facts of which have been recounted previously. *See United States v. Amaya*, 574 F. App'x 720–22 (6th Cir. 2014); *Amaya v. United States*, 71 F.4th 487, 488–89 (6th Cir. 2023).

In November 2019 and January 2020, Amaya filed two substantively identical 28 U.S.C. § 2255 motions, ECF Nos. 509; 517, both of which the district court denied without reaching the merits, ECF No. 524. When Amaya appealed, the Sixth Circuit decided to appoint him post-conviction appellate counsel. ECF No. 535. Despite the benefit of counsel, Amaya lost his appeal. ECF No. 536; *Amaya*, 71 F.4th at 488.

Now, Amaya brings the instant § 2255 motion, arguing that his appointed post-conviction appellate counsel was ineffective in violation of the Sixth Amendment to the United States Constitution.[1] ECF No. 547 at PageID.6315–31 (advancing four arguments why Amaya's post-conviction appellate counsel rendered ineffective assistance).

To obtain relief under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

There is no question that Amaya was entitled to the constitutional right to effective assistance of counsel on direct appeal. *See Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006). However, Amaya claims that he received ineffective assistance in connection with a § 2255 motion—which, critically, is not a direct appeal, but instead a "collateral" attack on a conviction and sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

---

[1] Although Amaya has previously filed § 2255 motions, the instant motion is not "second or successive" because the facts giving rise to his claim (i.e., the alleged deficient performance by his postconviction appellate counsel and resulting prejudice) did not arise until after the Sixth Circuit affirmed the Court's denial of his earlier § 2255 motions. *See In re Jones*, 54 F.4th 947, 949 (6th Cir. 2022) ("We have held that, when 'the events giving rise' to a § 2255 claim 'ha[ve] not yet occurred' at the time of a prisoner's first § 2255 motion, a later motion predicated on those events is not 'second or successive.'" (citation omitted)).

This distinction is important because, unlike direct appeals, there is no constitutional right to counsel in § 2255 post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021). And because there is no constitutional right to counsel in § 2255 proceedings, there cannot be a constitutional right to effective assistance of counsel in such proceedings either. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance" (citing *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982))). For this reason, Amaya's arguments about the effectiveness of his post-conviction appellate counsel—and thus, his entire § 2255 motion—do not provide a proper basis for relief.

Accordingly, it is **ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 547, is **DENIED**. Further, Petitioner is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis* because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 24, 2025